IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02100-MSK-MJW

ELAINE ANNE MURSZEWSKI,

Plaintiff,

v.

PAYCHEX OF NEW YORK LLC,

Defendant.

---

**AMENDED
RECOMMENDATION THAT ACTION BE DISMISS WITH PREJUDICE
BASED UPON THE PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO
COMPLY WITH THIS COURT'S ORDERS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case entered by Chief Judge Marcia S. Krieger on September 30, 2013 (Docket No. 12).

On November 14, 2013, a Scheduling Conference was conducted by the undersigned at which the pro se plaintiff and defense counsel were present.  (Docket No. 32 - Courtroom Minutes/Minute Order).  During that conference, among other things, the parties were directed to complete their Rule 26(a)(1) disclosures on or before November 15, 2013.  (Docket No. 32 at 1).  In addition, the court gave plaintiff up to and including December 3, 2013, to file her response to defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, for a More Definite Statement Pursuant to F.R.C.P. 12(e) (Docket No. 27), which had been filed on November 8, 2013.

2

On December 3, 2013, rather than filing a response to the motion to dismiss,

plaintiff filed a Motion for Continuance (Docket No. 29) in which she stated:

> I have contacted the opposing party, Littler Law Firm [Erin Webber and Michelle Rosenthal] by email regarding agreeing to a continuance.
>
> Now comes Plaintiff, Elaine Murszewski and hereby requests a continuance of the hearings, answers motions, and discoveries scheduled for December 3, 2013 and thereafter, for the reason that Plaintiff is of poor health due to the stress caused by Defendant, Paychex captioned above. Plaintiff has met with her cardiologist, Dr. M. Eugene Sherman after experiencing severe intermittent chest pain starting November 12, 2013.  I have contacted the opposing party and they do not have an objection to this request.

(Docket No. 40).  In a Minute Order filed on December 6, 2013, I denied that motion

without prejudice, stating:

> Plaintiff has not provided any documentation from her medical physicians who apparently are treating her as to her current medical condition and her current medical ability to proceed in the prosecution of her case.
>
> It is FURTHER ORDERED that the Pro Se Plaintiff is granted leave to renew her motion, *in essence*, to stay discovery, although the original motion (docket no. 40) was captioned "Motion for Continuance."  If such a renewed motion is filed, it should be accompanied with medical documentation supporting the alleged medical condition of the Pro Se Plaintiff.   Pro Se Plaintiff should consult with D.C.COLO.LCivR 7.1 and 7.2 if she files any confidential medical documentation as attachments to support any renewed motion to stay discovery.
>
> Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  See Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

(Docket No. 42).

Plaintiff did not renew her motion.  In addition, she still has not filed a response to

the motion to dismiss (Docket No. 27).  Furthermore, according to defendant, plaintiff

has not produced any disclosures as directed by this court, nor has she responded to

defendant's First Set of Interrogatories Propounded to Plaintiff and its First Set of

Requests for Production of Documents which defendant states were served on plaintiff

by U.S. Mail and e-mail on January 8, 2013.  Defense counsel attempted to contact

plaintiff twice on February 12, 2014, to inquire about the discovery responses, but

plaintiff did not respond.  (Docket No. 44 at 3).  Consequently, on February 14, 2014,

defendant filed Paychex's Motion to Compel Initial Disclosures and Responses to

Written Discovery Requests, and for Attorneys Fees (Docket No. 44).  On February 21,

2014, this court entered a Minute Order (Docket No. 48) in which plaintiff was directed

to file a response to the Motion to Compel on or before March 7, 2014.  Plaintiff was

reminded in that Minute Order

> that pro Se litigants must "comply with the fundamental requirements of
> the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32
> F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se
> does not relieve that individual from the obligation of complying with all
> applicable rules of the court. See Nielson v. Price, 17 F.3d 1276, 1277
> (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure
> which apply to other litigants); People v. Carter, 678 F. Supp. 1484, 1490
> (D. Colo. 1986).  It is not the proper function of the district court to assume
> the role of advocate for the pro se litigant. Gibson v. City of Cripple Creek,
> 48 F.3d 1231 (10th Cir. 1995).  Furthermore, **plaintiff is advised that
> failure to comply with court orders and failure to prosecute her
> action may very well result in the imposition of sanctions, including
> dismissal of this action with or without prejudice.**

(Docket No. 48) (emphasis in original).  The copy of that Minute Order that was mailed

4

to the plaintiff was not returned to the court by the U.S. Postal Service as undeliverable.

Despite the warning in that Minute Order, plaintiff has not filed a response to the motion

to compel as ordered (Docket No. 44).

Plaintiff has essentially done nothing to prosecute her case, and she has not

complied with this court's orders regarding the initial disclosures and filing a response to

the motion to compel.  She has not responded to communications by defense counsel.

She has never renewed her motion for a continuance.

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that

"[o]n motion or on its own, the court may issue any just orders, including those

authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . .(C) fails to obey a scheduling or

other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced

in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 16(f)(2) further provides that

"[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an award of expenses unjust." Fed.

R. Civ. P. 16(f)(2).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful

misconduct." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). "Before

choosing dismissal as a just sanction, a court should ordinarily consider a number of

factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions." Id. at 921.

"These factors do not constitute a rigid test; rather, they represent criteria for the district

court to consider prior to imposing dismissal as a sanction." Id. Since the plaintiff is

appearing pro se, this court has "assess[ed] whether it might appropriately impose some

sanction other than dismissal, so that the party does not unknowingly lose its right to

access to the courts because of a technical violation." Id. at 920 n.3. "Dismissal is

warranted when the aggravating factors outweigh the judicial system's strong

predisposition to resolve cases on their merits." Ecclesiastes 9:10-11-12, Inc. v. LMC

Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (internal quotations omitted).

Here, with respect to the first factor, the court finds that there has been substantial

actual prejudice to the defendant as a result of plaintiff's lack of participation in this case.

Plaintiff did not make her initial disclosures despite this court's order to do so, did not

respond to any of defendant's discovery demands, did not respond to defendant's

communications concerning her failure to respond to such demands, and did not

6

respond to the motion to dismiss or the motion to compel.  Defendant has thus been

unable to obtain information reasonably necessary to defend this action, has been

caused to spend needless time and expense attempting to pursue such discovery, and is

being deprived of a prompt opportunity to have the claims against it adjudicated.  See

Ramon v. City & County of Denver, 2011 WL 222319, at *2 (D. Colo. Jan. 21, 2011)

(plaintiff's failure to provide disclosures and complete discovery response and submit to

a deposition prejudiced defendants by preventing them from investigating plaintiff's

claims, obtaining information necessary to defend the action, and timely asserting a

dispositive motion and caused them to spend needless time and expense in preparing

written discovery, attempting to obtain responses to discovery, attending a hearing on a

motion to compel, and filing a motion to dismiss as a sanction); Armstrong v. Swanson,

2009 WL 1938793, at *4 (D. Colo. July 2, 2009) (finding significant prejudice to

defendants where plaintiff failed to respond to communications and participate in

discovery which prolonged the litigation and deprived the defendants of a prompt

opportunity to have the claims against them adjudicated).

Next, regarding the second factor, plaintiff has interfered with the judicial process.

She has not responded to defendant's motions and has not complied with this court's

orders.  She was aware of the various deadlines in this case, which are set forth in the

Scheduling Order, yet she has essentially done nothing to pursue her claims.

Third, plaintiff is culpable for her failure to comply with her obligations in this

litigation.  She has essentially refused to prosecute her lawsuit.  See M.E.N. Co. v.

Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987) (a willful failure is "any

intentional failure as distinguished from involuntary compliance.  No wrongful intent need

be shown.").

Next, plaintiff was warned of possible dismissal for noncompliance.  See Docket No. 48.

Finally, a lesser sanction would not be sufficient.  <u>See</u> <u>Armstrong v. Swanson</u>, 2009 WL 1938793, at *4 (D. Colo. 2009) (lesser sanctions were insufficient where plaintiff repeatedly failed to comply with discovery obligations).  It is highly unlikely that monetary sanctions would have any effect given plaintiff's claimed indigence.  (See Docket No. 5 - Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915). The fifth factor thus also weighs in favor of dismissal.

In sum, it is recommended that this matter be dismissed with prejudice based upon the plaintiff's failure to prosecute and failure to comply with court orders.  In the interest of judicial economy, the court has not addressed the merits of the defendant's motion to dismiss and motion to compel and recommends that they be denied as moot if this recommendation is approved.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) based upon the plaintiff's failure to prosecute and failure to comply with this court's orders.  It is further

**RECOMMENDED** that if the above recommendation of dismissal is approved, that the Defendant's Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(6), or in the Alternative, For a More Definite Statement Pursuant to F.R.C.P. 12(e) (Docket No. 27) and Defendant Paychex's Motion to Compel Initial Disclosures and Responses to Written

8

Discovery requests, and for Attorney's Fees (Docket No. 44) be denied as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),
the parties have fourteen (14) days after service of this recommendation to serve
and file specific written objections to the above recommendation with the District
Judge assigned to the case.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy.  The District Judge need
not consider frivolous, conclusive, or general objections.  A party's failure to file
and serve such written, specific objections waives *de novo* review of the
recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985),
and also waives appellate review of both factual and legal questions.  <u>Makin v.
Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,
91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  March 11, 2014                    s/ Michael J. Watanabe
        Denver, Colorado              Michael J. Watanabe
                           United States Magistrate Judge